**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **V.C.**, *et al.*,<br><br>        **Plaintiffs,**<br><br>        **v.**<br><br>**DISTRICT OF COLUMBIA,**<br><br>        **Defendant.** | **Civil Action No. 1:23-cv-01139-CKK** |

**PLAINTIFFS' STATUS REPORT**

Pursuant to the Court's May 27, 2026 Memorandum Opinion & Order, ECF No. 71, Plaintiffs submit this Status Report to address the Court's questions. For reasons explained below, Plaintiffs do not intend to amend their Complaint to add the additional class representatives proposed in their Motion for Leave to File a Supplemental Brief, ECF No. 57, as parties to this litigation. Nor do Plaintiffs intend to remove Plaintiffs V.C. and B.L. from the litigation or re-file their Motion for Class Certification, ECF No. 8, to reflect changes in putative class representatives. In order to keep the case moving expeditiously, in the absence of contrary guidance from the Court, Plaintiffs intend to move on or before June 22, 2026, for leave to file a supplement to their Motion for Class Certification (discussed in more detail below). If the Court has concerns about this proposed filing or has any other questions, Plaintiffs respectfully request a status hearing at the Court's convenience.

**BACKGROUND**

Plaintiffs filed this case in April 2023, ECF No. 1, and followed their Complaint with a Motion for Class Certification three days later. ECF No. 8. In June 2023, the District answered the Complaint and sought to extend their time to respond to the class certification motion, which was

ultimately stayed to allow the parties to mediate. ECF Nos. 24–26. In March 2026, after mediation efforts failed, Plaintiffs requested leave to supplement their Motion for Class Certification. ECF No. 57. To that proposed supplement, Plaintiffs attached a memorandum of law and multiple declarations, including eleven declarations from putative class members, seven of whom Plaintiffs proposed as new class representatives. ECF Nos. 57-1–57-12. Defendant opposed Plaintiffs' Motion for Leave and Motion for Class Certification, ECF Nos. 60 and 63, and Plaintiffs replied, ECF No. 67. Then, on May 27, 2026, the Court denied Plaintiffs' Motion for Leave and directed them to file a Status Report by June 15 to address several questions. ECF No. 71.

I.    **Plaintiffs V.C., B.L., and L.S. will remain as named plaintiffs and putative class representatives in this litigation.**

When this case was filed, Plaintiffs V.C., B.L., and L.S. were in Defendant's custody. At the time Plaintiffs filed their Supplemental Brief in Support of their Motion for Class Certification, L.S. was at the DC Jail, but V.C. and B.L. were not. L.S. is now also out of Defendant's custody. The Supplemental Brief included language that may have erroneously implied that V.C. and B.L. would not continue as class representatives or as Plaintiffs in this litigation because they were out of custody. *See* ECF No. 57-1 at 1 n.2. That is not the case.

Even though none of the named Plaintiffs are in Defendant's custody, the court retains jurisdiction over their claims; each of the named Plaintiffs has valid claims under the inherently transitory exception to mootness and the relation-back doctrine. *See* ECF No. 67 at 8 n.1; *Gerstein v. Pugh,* 420 U.S. 103, 110 n.11 (1975) (discussing the inherently transitory exception to mootness and noting that "[i]t is by no means certain that any given individual [in pretrial custody] named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class"); *J.D. v. Azar*, 925 F.3d 1291, 1309 (D.C. Cir. 2019) ("Some claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the

proposed representative's individual interest expires" in which case "lower courts may invoke the relation back doctrine to preserve the merits of such claims for judicial resolution.") (cleaned up). In addition, all three named Plaintiffs bring claims that are typical of those of the putative class and can fairly and adequately represent the class's interests as class representatives. ECF No. 8 at 11-13; *see J.D.*, 925 F.3d at 1313 ("[T]he very existence of the inherently-transitory exception disproves any suggestion that the mootness of a plaintiff's claims necessarily demonstrates her inadequacy as a representative.").

## II.     Plaintiffs do not intend to propose additional class representatives at this time.

In its recent Memorandum & Order, the Court read Rule 23 to mean that, before a class is certified, Plaintiffs may add class representatives only by naming them as parties in an amended complaint. ECF No. 71 at 3-5. Plaintiffs do not plan to amend their Complaint at this time, and they do not put forward any additional class representatives beyond the three named Plaintiffs.

## III.    Plaintiffs seek leave to supplement the record with evidence of ongoing systemic harm at the DC Jail and request a status hearing if the Court has questions or concerns.

Over three years have passed since Plaintiffs filed their original Motion for Class Certification. In order to certify a class, the Court must find that numerosity, commonality, typicality, and adequacy exist. Fed. R. Civ. P. 23. It also must find that injunctive relief would provide relief to the entire class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61 (2011); Fed. R. Civ. P. 23(b)(2). Given how much time has passed since the filing of Plaintiffs' Motion for Class Certification, Plaintiffs believe it is important for the Court to consider evidence of ongoing constitutional violations in Defendant's facilities to help it assess whether Rule 23's requirements are met. To that end, by June 22, Plaintiffs intend to seek leave to file a supplement to their Motion for Class Certification to address both the ongoing denial of medical care and the applicability of

the inherently transitory exception to mootness, as well as why Rule 23's requirements are met in this matter.

If the Court has concerns about Plaintiffs' intent to move for leave to supplement their Motion for Class Certification or has questions regarding any issue in this litigation, Plaintiffs respectfully request a status hearing at the Court's convenience.

Dated: June 15, 2026

Respectfully Submitted,

*/s/ Kristin McGough*
Kristin McGough (D.C. Bar No. 991209)
WINSTON TAYLOR LLP
1901 L Street N.W.
Washington, DC 200236
Tel: (202) 282-5000
kristin.mcgough@winstontaylor.com

ARNOLD & PORTER KAYE SCHOLER LLP
John A. Freedman (D.C. Bar No. 453075)
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com

John R. Sabacinski (admitted *pro hac vice*)
70 West Madison Street, Suite 4200
Chicago, IL 60602
Tel: (312) 583-2300
john.sabacinski@arnoldporter.com

Leah Motzkin (D.C. Bar No. 9005226)
777 S. Figueroa St., 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4066
leah.motzkin@arnoldporter.com

WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS & URBAN AFFAIRS
Ryan Downer (D.C. Bar No. 1013470)
Chelsea Sullivan (D.C. Bar No. 90017708)
Natalie Geismar (D.C. Bar No. 90038977)

4

Ayesha Ahsan (D.C. Bar No. 90028930)
700 14th Street, N.W., Ste. 400
Washington, DC 20005
Tel: (202) 319-1000
ryan_downer@washlaw.org
chelsea_sullivan@washlaw.org
natalie_geismar@washlaw.org
ayesha_ahsan@washlaw.org

*Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 15, 2026, I electronically filed the foregoing Status Report using the Court's ECF system, which will send notice of the filing to all counsel of record via email.

<u>/s/ Kristin McGough</u>